IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01383-BNB

JEREMY PINSON,

    Applicant,

v.

DAVID BERKEBILE,

    Respondent.

---

ORDER OF DISMISSAL

---

    Applicant, Jeremy Pinson, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) at ADX in Florence, Colorado. Applicant initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Action. Applicant has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    Applicant asserts that his due process rights were violated in the disciplinary proceeding associated with Incident Report No. 2404555 (IR '555) because he was denied (1) the opportunity to call witnesses and present documentary evidence; (2) a mental health examination pursuant to 28 C.F.R. § 541.6; and (3) a written statement of the findings or evidence relied upon by the hearing officer. Applicant seeks expungement of this disciplinary conviction.

    Respondent asserts that IR '555 was written on January 31, 2013, and the

hearing was held on February 7, 2013. Prelim. Resp., ECF No. 9, at 3. Respondent further asserts that in reviewing all fourteen administrative remedies/appeals that Applicant filed between January 31 and the date this action was filed, only three related to a disciplinary action, and none of the three related to IR '555. *Id.* Furthermore, Respondent clarifies that Applicant is challenging the results of a Unit Disciplinary Committee (UDC) decision and not a Disciplinary Hearing Officer's (DHO's) decision.

Applicant asserts in his Reply that on February 12, 2013, he submitted to Counselor Cedeno a BP-9 form, *see* Reply, ECF No. 11, at 5, which is used to initiate an administrative remedy request, *see* 28 C.F.R. § 542.14. Applicant further asserts that on March 25, 2013, after receiving no response from the Warden within the time allowed under PS 1330.16, he requested a BP-10 appeal from his new counselor, Mr. Foster. Mr. Foster allegedly refused to give Applicant the BP-10, even after Applicant made ten requests for it. Reply at 5.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)). A "narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *Garza*, 596 F.3d at 1203. Furthermore, the exhaustion requirement may be excused where the deficiency in exhaustion is caused by prison officials' acts of preventing, thwarting, or hindering prisoner's efforts. *See Little v. Jones*, 607 F.3d

1245, 1250 (10th Cir. 2010) (applying Prison Litigation and Reform Act (PLRA), 42 U.S.C. § 1997e(a)).  A prisoner, however, may not exhaust "administrative remedies by, in essence, failing to employ them." *Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002).

The BOP administrative remedy procedure is available to federal prisoners including Applicant.  *See* 28 C.F.R. §§ 542.10 - 542.19.  The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a).  Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals.  *See* 28 C.F.R. §§ 542.13-542.15.

The Court, however, under 28 U.S.C. § 2254(b)(2), may proceed to decide the merits of Applicant's claims even if the claims are unexhausted.  *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (followed § 2254(b)(2) in a § 2241 proceeding to allow a denial on the merits even if a claim is unexhausted).

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  Thus, "a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012).  "For inmates being punished for misconduct, a liberty interest exists only when the penalty lengthens

the confinement or involves an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.' " *Meek v. Jordan*, No. 13-1249, 2013 WL 4427200 at *2 (10th Cir. Aug. 20, 2013) (unpublished) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). An inmate must show that the punishment will "inevitably affect the duration of his sentence." *Sandin v. Conner*, 515 U.S. 472, 487 (1995).

Based on Clay C. Cook's Declaration, and the attached Inmate Discipline Data that is maintained in the BOP's SENTRY database, IR '555 involved Applicant's Failure to Stand Count. *See* Reply, ECF No. 9-1, Attach. 2 at 13. The sanctions that resulted from the UDC's review included loss of personal property for a total of thirty days, which were suspended pending ninety days of clear conduct. *Id.* Applicant does not deny in his Reply that the sanctions for IR '555 included only a possible thirty-day loss of property. Furthermore, Applicant states in the Application that he is challenging only a UDC decision. Application at 3.

The UDC is not authorized to impose a loss of good conduct time as a sanction. *See* BOP PS 5270.09, § 541.7(f). Because Applicant's sanctions in IR '555 did not include the loss of good conduct time and did not affect the length of Applicant's sentence, his claims are not properly addressed in a § 2241 action.

Even if the Court were to construe the claims as challenging conditions of confinement, the Due Process Clause does not protect every change in the conditions of confinement that has a substantial adverse impact on the prisoner. *See Meachum*, 427 U.S. at 224. As stated above, a liberty interest exists only when the penalty involves an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Meek*, No. 13-1249, 2013 WL 4427200 at *2.

Relevant factors to be considered in determining whether certain conditions of confinement impose atypical and significant hardship in relation to the ordinary incidents of prison life include whether the conditions relate to and further a legitimate penological interest, the conditions are extreme, the conditions increases the duration of confinement, and the conditions are indeterminate.  *See DiMarco v. Wyo. Dep't of Corr.*, 473 F.3d 1334, 1342 (10th Cir. 2007).

The loss of certain privileges and being placed on restricted privileges status for periods of less than ninety days does not subject Applicant to an atypical and significant hardship in relation to the ordinary incidents of prison life.  *See, e.g., Grady v. Garcia*, No. 12-1151, 506 F. App'x 812, 814 (10th Cir. Jan. 3, 2013) (unpublished) (inmates placement on restricted privileged status for 105 days did not constitute an atypical and significant hardship when compared to the ordinary incidents of prison life); *Meek*, 2013 WL 4427200 at **2-3 (finding that sixty days in punitive segregation as a disciplinary sanction did not implicate a protected liberty interest).

Applicant is subject to 28 U.S.C. § 1915(g) filing restrictions and has been warned that any attempt to circumvent his restrictions by filing a conditions of confinement claim in a § 2241 action will result in further filing restrictions.  *Pinson v. Berkebile*, No. 13-cv-02821-LTB (D. Colo. Nov. 5, 2013), *aff'd*, No. 13-1505 (10th Cir. Feb. 4, 2014).  Because this action was filed prior to the order entered in Case No. 13-cv-02821-LTB, the Court will refrain from addressing further filing restrictions at this time but will dismiss this action on the merits and with prejudice.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the action is dismissed on the merits with prejudice.  It is

FURTHER ORDERED that Applicant is denied leave to proceed *in forma pauperis* on appeal.

DATED at Denver, Colorado, this  9th  day of    April       , 2014.

BY THE COURT:


   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court